Diego Aranda Teixeira (Cal Bar No. 344956)
Al Otro Lado, Inc.
634 S Spring Street, Suite 908
Los Angeles CA 90014
Telephone: (323) 238-9935
Facsimile: (619) 345-4693
diego@alotrolado.org

Jeremy Jong*
Al Otro Lado, Inc.
3511 Banks St.
New Orleans, LA 70119
Telephone: (504) 475-6728
Facsimile: (619) 345-4693
jeremy@alotrolado.org

*Admitted Pro Hac Vice

Attorneys for Plaintiffs Frank Rocha
and Al Otro Lado, Inc.

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
SARAH L. CRONIN (Cal. Bar No. 252624)
Assistant United States Attorney
        Federal Building, Suite 7516
        300 North Los Angeles Street
        Los Angeles, California 90012
        Telephone: (213) 894-3986
        Facsimile: (213) 894-7819
        E-mail: Sarah.Cronin@usdoj.gov

Attorneys for Defendant
U.S. Immigration and Customs Enforcement

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRANK ROCHA, et al., | No. 2:24-cv-07054-DSF-AJR |
| Plaintiffs, | **JOINT RULE 26(f) REPORT** |
| | Scheduling Conference: |

| | | |
|---|---|---|
| 1 | v. | Date: January 6, 2025<br>Time: 11:00 a.m. |
| 2 | U.S. IMMIGRATION AND<br>CUSTOMS ENFORCEMENT, | Ctrm: First Street Courthouse,<br>Courtroom 7D |
| 3 | Defendant. | |
| 4 | | Honorable Dale S. Fisher<br>United States District Judge |

Plaintiffs Frank Rocha and Al Otro Lado, Inc. and defendant United States Immigration and Customs Enforcement, having met and conferred, in accordance with the Court's Order (Dkt. No. 26), hereby submit their Joint Report as required by Fed. R. Civ. P. 26(f) and Local Rule 26-1.

a. **Statement of the Case**

Plaintiff's Section

This is an action brought by Plaintiffs under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, seeking the disclosure of records concerning the death of Ernesto Rocha Cuadra in an ICE detention facility. Plaintiff Rocha filed one FOIA request with Defendant on March 12, 2024. ECF No. 3 ¶ 37. Plaintiff Al Otro Lado filed two FOIA requests with Defendant on June 28 and July 12, 2023. *Id.* ¶¶ 25, 31.

Plaintiffs filed their Complaint on August 22, 2024 alleging that Defendant has failed to issue determinations responsive their requests. *Id.* ¶¶ 44-48. Plaintiffs also alleged that as Defendant did not produce any responsive documents, it unlawfully failed to conduct an adequate search, justify withholdings of records, and promptly release responsive records as required by FOIA. *Id.* ¶¶ 49-58. On October, 25, 2024, Defendant filed its answer on October 4, 2021. ECF No. 23. Defendant's Answer acknowledged that it has yet to issue any determination responsive to Plaintiffs' requests or produce any responsive records. *Id.* ¶¶ 30, 36, 42. As Defendant has violated FOIA, Plaintiffs seek a

Court order directing Defendant to issue of determinations and produce responsive records by dates certain.

### Defendant's Section

This is an action brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq. On June 28, 2023 and July 12, 2023, Plaintiff Al Otro Lado submitted FOIA requests to Defendant seeking copies of records relating to the detention of Mr. Rocha Cuadra. Dkt. 3 at ¶¶ 25, 31. On March 12, 2024, Plaintiff Frank Rocha submitted a FOIA request to Defendant seeking copies of records relating to the detention of Mr. Rocha Cuadra. *Id.* at ¶ 37. On August 22, 2024, Plaintiffs filed their Complaint in this action, alleging that Defendant failed to make and/or communicate a timely determination to the FOIA requests. *Id.* at ¶ 42.

Defendant anticipates making an initial release of records on January 15, 2025, and then will continue supplementing its release of records every month. Defendant anticipates that it will complete its production of records by November 2025.

**b. Subject matter jurisdiction:**

Defendant does not contest the Court's subject matter jurisdiction over this case.

**c. Legal issues:**

### Plaintiff's Section

Plaintiffs submit that the legal issues in this case are whether Defendant has violated its obligation to issue timely determinations pursuant to 5 U.S.C. § 552(a)(6)(B)(i), to make a reasonable effort to search for requested records pursuant to 5 U.S.C. § 552(a)(3)(C), to withhold only records allowed by statute pursuant to 5 U.S.C. § 552(a)(4)(B), and to make responsive records promptly available pursuant to 5 U.S.C. § 552(a)(3).

### Defendant's Section

1  Defendant anticipates making an initial release of records on January 15, 2025,
2  and then will continue supplementing its release of records every month. Defendant
3  anticipates that it will complete its production of records by November 2025.

4  Processing will require the agency to undertake a line-by-line review of any
5  responsive records and to the extent such records (or portions of them) are protected
6  from public disclosure by one of nine exemptions, apply redactions. *See* 5 U.S.C. §
7  552(b)(1)-(9).  It will take time to complete that process.

8  Once that process is complete and Defendant has produced the records and/or a
9  *Vaughn*[1] index identifying which records or parts of records were withheld, Defendant
10  anticipates filing a motion for summary judgment to the extent the parties cannot resolve
11  Defendant's withholdings of any particular records. Because the facts in FOIA cases are
12  rarely in dispute, such cases are typically decided on motions for summary judgment.
13  *See Nat'l Wildlife Fed'n v. U.S. Forest Service*, 861 F.2d 1114 (9th Cir. 1988); *Lane v.*
14  *Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008). Accordingly, this matter should
15  be resolved on summary judgment.

16  **d. Parties, evidence, etc.**

17  Frank Rocha and Al Otro Lado are the Plaintiffs in this case. United States
18  Immigration and Customs Enforcement is the Defendant in this case. If the parties move
19  for summary judgment, the parties will likely support the motion with declarations and
20  Defendant will provide Plaintiffs with an index justifying each of its withholdings.

---

[1] In FOIA cases, the agency will typically identify the withheld documents and the basis on which they are being withheld by submitting a declaration(s). These declarations or affidavits (singly or collectively) are often referred to as a *Vaughn* index, after the case of *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 415 U.S. 977, 94 S.Ct. 1564 (1974). *See also, Wiener v. FBI*, 943 F.2d 972 at 978, n.6 (9th Cir. 1991), *cert. denied*, 505 U.S. 1212 (1992) ("[w]e refer to these affidavits [of FBI agents and CIA officers] collectively as the *Vaughn* index").

e. **Damages**

Not applicable. There are no damages in a FOIA action.

f. **Insurance**

Not applicable. There are no insurance coverage issues in this case.

g. **Motions**

The parties submit that all issues in this FOIA action can be decided and fully resolved on summary judgment.

h. **Status of Discovery**

District courts typically resolve actions to enforce FOIA on summary judgment. *See Nat'l Wildlife Fed'n v. U.S. Forest Service*, 861 F.2d 1114 (9th Cir. 1988). As such, the parties do not anticipate that discovery will be necessary in this case. Should either party require discovery, the requesting party will move to Court for leave to conduct discovery.

i. **Discovery Plan**

The parties maintain that because this is a FOIA action, the usual discovery process does not apply. As such, the parties do not anticipate that discovery will be necessary in this case. Should either party require discovery, the requesting party will move to Court for leave.

j. **Discovery Cut-Off**

The parties maintain that because this is a FOIA action, the usual discovery process does not apply. However, should either party be granted leave from the Court for discovery, the discovery cutoff shall be December 22, 2025.

k. **Expert Discovery**

The parties do not anticipate the use of expert witnesses in this case.

l.  **Additional Parties/Amendment of Pleadings**

The parties do not anticipate any additional parties or amendments to the pleadings.

m. **Settlement/Alternative Dispute Resolution (ADR):**

The parties have conferred telephonically, on multiple occasions, regarding the status of Defendant's further search for responsive documents. The parties have worked cooperatively to try to resolve this matter, or at least narrow the issues before this Court The parties have agreed that Defendant will process 750 pages and one hour of video per month and release non-exempt records monthly starting in January 15, 2025. While Defendant does not have a precise page count of records responsive to Plaintiffs' requests, Defendant estimates that the production will be completed by May 15, 2025. Upon Defendant's completion of production, the parties will attempt to reach settlement on any FOIA exemption or search issues that may arise.

The parties maintain that there are no damages in a FOIA action. As stated above, the Court has jurisdiction to enjoin the agency from withholding agency records improperly withheld and to order the production of any agency records improperly withheld from the Plaintiff. Thus, FOIA matters do not lend themselves to traditional settlement conference procedures. The parties request that the action be exempted from the settlement requirements of Local Rule 16.

In the event the parties are required to select one of the ADR Procedures specified in Local Rule 16-15.4, the parties would request ADR Procedure No. 1, settlement proceedings before a Magistrate Judge.

n. **Trial Estimate**

The parties do not anticipate a need for trial, either by judge or jury, on this matter. As set forth above, the parties submit that all the claims in this case may be

6

resolved on dispositive motions. However, should the Court deem a trial necessary, the parties estimate that a trial length of one day would be appropriate.

### o. Lead Trial Counsel

Jeremy Jong is lead trial counsel for the Plaintiffs and Sarah Cronin is the lead trial counsel for the Defendant.

### p. Independent Expert or Master

The parties do not anticipate that the use of an independent expert or master would aid in the resolution on this case.

### q. Timetable

The parties attach to this report a completed Schedule of Pretrial and Trial Dates.

### r. Magistrate Judge

The parties do not consent to try the case before a magistrate judge.

### s. Class Actions

This case is not a putative class action.

### t. Other Issues

The parties are not presently aware of any other issues that would affect the status or management of the case.

Dated: December 20, 2024

   /s/ Jeremy Jong
JEREMY JONG*
DIEGO ARANDA TEIXEIRA
Al Otro Lado, Inc.

Attorneys for Plaintiffs Frank Rocha and Al Otro Lado, Inc.

*Admitted Pro Hac Vice

Dated: December 20, 2024

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

 /s/ Sarah L. Cronin
SARAH L. CRONIN
Assistant United States Attorney

Attorneys for Defendant
U.S. Immigration and Customs Enforcement

*Pursuant to Local Rule 5-4.3.4(2), the filer attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.